# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by Superior Court of California, County of Los Angeles 7/29/2025 3:43 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Gnade, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
3M COMPANY; (See SUM-200(A) for additional parties)

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MARK HATHAWAY and LINDA HATHAWAY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Spring Street Courthouse
Superior Court of California, County of Los Angeles
312 Spring Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
25STCV22460

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stuart B. Lewis, Esq., PEARCE LEWIS LLP, 423 Washington Street, Suite 510, San Francisco, CA 94111; 415-964-5225

DATE: *(Fecha)* 07/29/2025 David W. Slayton, Executive Officer/Clerk of Court Clerk, by *(Secretario)* J. Gnade , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* GREENE, TWEED & CO., INC.

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [ ] by personal delivery on *(date)*:

SUM-200(A)

| SHORT TITLE: Mark Hathaway, et al. v. 3M Company, et al. | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

AIR & LIQUID SYSTEMS CORPORATION, as Successor-by-Merger to Buffalo Pumps, Inc.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; CARRIER CORPORATION; FMC CORPORATION, as Successor-in-Interest to Peerless Pump Co.; GENERAL ELECTRIC COMPANY; GOULDS PUMPS LLC; GREENE, TWEED & CO., INC.; HONEYWELL INTERNATIONAL INC., f/k/a AlliedSignal Inc., as Successor-in-Interest to The Bendix Corporation; IMO INDUSTRIES, INC.; ITT LLC; PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation; PFIZER, INC.; REDCO CORPORATION f/k/a Crane Co.; UNION CARBIDE CORPORATION; VALVES AND CONTROLS US, INC., f/k/a Weir Valves & Controls USA, Inc., f/k/a Atwood & Morrill Co., Inc.; VELAN VALVE CORP.; WARREN PUMPS LLC; YORK INTERNATIONAL CORPORATION; and the FIRST DOE through THREE HUNDREDTH DOE, inclusive.

Page 1 of 1



Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

TIMOTHY F. PEARCE, ESQ. (SBN 215223)
STUART B. LEWIS, ESQ. (SBN 321824)
HANNAH B. OXLEY, ESQ. (SBN 282007)
**PEARCE LEWIS LLP**
423 Washington St., Suite 510
San Francisco, CA 94111
Tel: (415) 964-5225
Fax:(415) 830-9879
tim@pearcelewis.com
stuart@pearcelewis.com
hannah@pearcelewis.com
docintake@pearcelewis.com

Attorneys for Plaintiffs
MARK HATHAWAY and LINDA HATHAWAY

**Electronically FILED by Superior Court of California, County of Los Angeles 7/29/2025 3:43 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Gnade, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
(UNLIMITED JURISDICTION)

| | |
|---|---|
| MARK HATHAWAY and LINDA HATHAWAY,<br><br>Plaintiffs,<br><br>vs.<br><br>3M COMPANY; AIR & LIQUID SYSTEMS CORPORATION, as Successor-by-Merger to Buffalo Pumps, Inc.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; CARRIER CORPORATION; FMC CORPORATION, as Successor-in-Interest to Peerless Pump Co.; GENERAL ELECTRIC COMPANY; GOULDS PUMPS LLC; GREENE, TWEED & CO., INC.; HONEYWELL INTERNATIONAL INC., f/k/a AlliedSignal Inc., as Successor-in-Interest to The Bendix Corporation; IMO INDUSTRIES, INC.; ITT LLC; PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation; PFIZER, INC.; REDCO CORPORATION f/k/a Crane Co.; UNION CARBIDE CORPORATION; VALVES AND CONTROLS US, INC., f/k/a Weir Valves & Controls USA, Inc., f/k/a Atwood & Morrill Co., Inc.; VELAN VALVE CORP.; WARREN PUMPS LLC; YORK INTERNATIONAL CORPORATION; and the FIRST DOE through THREE HUNDREDTH DOE, inclusive,<br><br>Defendants. | Case No.: 25STCV22460<br><br>JCCP: 4674<br><br>**COMPLAINT FOR DAMAGES**<br><br>(Asbestos – Personal Injury)<br><br>1. NEGLIGENCE<br>2. STRICT LIABILITY<br>3. LOSS OF CONSORTIUM<br>4. Prayer for PUNITIVE DAMAGES<br><br>THIS ACTION CONSTITUTES COMPLEX ASBESTOS LITIGATION – SUBJECT TO THE GENERAL ORDERS CONTAINED IN FILE NO. 700000<br><br>DEMAND FOR JURY TRIAL |

## GENERAL ALLEGATIONS

1. The Plaintiffs in this matter are MARK HATHAWAY and his spouse, LINDA HATHAWAY ("Plaintiffs"). Plaintiff MARK HATHAWAY and his spouse, LINDA HATHAWAY, are, at all times referenced herein, legally married. Plaintiff MARK HATHAWAY suffers from asbestos related lung cancer, an asbestos related cancer, based upon exposures to asbestos that occurred in the State of California. Plaintiff alleges exposure to all Defendants in this action, at least in part, based upon his work and the Defendants' conduct in the State of California. The Defendants in this matter are 3M COMPANY; AIR & LIQUID SYSTEMS CORPORATION, as Successor-by-Merger to Buffalo Pumps, Inc.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; CARRIER CORPORATION; FMC CORPORATION, as Successor-in-Interest to Peerless Pump Co.; GENERAL ELECTRIC COMPANY; GOULDS PUMPS LLC; GREENE, TWEED & CO., INC.; HONEYWELL INTERNATIONAL INC., f/k/a AlliedSignal Inc., as Successor-in-Interest to The Bendix Corporation; IMO INDUSTRIES, INC.; ITT LLC; PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation; PFIZER, INC.; REDCO CORPORATION f/k/a Crane Co.; UNION CARBIDE CORPORATION; VALVES AND CONTROLS US, INC., f/k/a Weir Valves & Controls USA, Inc., f/k/a Atwood & Morrill Co., Inc.; VELAN VALVE CORP.; WARREN PUMPS LLC; YORK INTERNATIONAL CORPORATION; and the FIRST DOE through THREE HUNDREDTH DOE, inclusive, (collectively, "**ASBESTOS DEFENDANTS**"), and are corporations and/or limited liability companies organized and existing under and by virtue of the laws of the State of California, or the laws of some state or foreign jurisdiction, and that said defendants were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of Los Angeles, State of California.

2. The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants **FIRST DOE** through **THREE HUNDREDTH DOE**, inclusive, are unknown to Plaintiff at this time and Plaintiff therefore sues said defendants by such fictitious names. When the true names and capacities of said defendants have been ascertained, Plaintiff will amend

this complaint accordingly. Plaintiff is informed and believes, and thereon alleges, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the Plaintiff, as hereinafter alleged.

3. Upon information and belief, and at all times herein mentioned, each of the **ASBESTOS DEFENDANTS**, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of the other defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Certain defendants agreed and conspired among themselves, and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the Plaintiff; and such defendants, as co-conspirators, are liable for the acts, or failures to act, of other conspiring defendants.

4. At all times herein mentioned, each of the **ASBESTOS DEFENDANTS** was the successor, successor in business, successor in product line or a portion thereof, parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity designing, manufacturing, assembling, packaging modifying, selling, supplying, distributing, marketing, advertising, warranting, handling, disturbing, servicing, repairing, installing, removing and/or contracting to service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance. Said entities shall hereinafter collectively be called “alternate entities.” Each of the herein named **ASBESTOS DEFENDANTS** are liable for the tortuous conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, alter-ego, whole of partial owner, or wholly or partially owned entity, or entity that it as a member of, or funded, that designed, manufactured, assembled, packaged, sold, supplied, distributed, marketed, advertised, warranted, handled, disturbed, serviced, repaired, installed, removed and/or contracted to handle, disturb, service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance.

///

///

**FIRST CAUSE OF ACTION**

**Negligence (Personal Injuries)**

*PLAINTIFF MARK HATHAWAY COMPLAINS OF DEFENDANTS, AND EACH OF THEM AND FOR A CAUSE OF ACTION FOR NEGLIGENCE (PERSONAL INJURIES) ALLEGES AS FOLLOWS:*

5. Plaintiff re-alleges and incorporates herein by reference each of the preceding paragraphs of this Complaint, as though fully stated herein.

6. Upon information and belief, Plaintiff MARK HATHAWAY alleges that he was exposed to asbestos at jobsites which include but are not limited to, the following:

| Employers' Name and Address | Job Title | Date Started – Date Ended (mo, day, year) | Description of Job Duties |
|---|---|---|---|
| US Navy<br>USS Snook, dry dock repairs at San Diego Naval Shipyard | Machinist Mate | September of 1974 until September of 1978 | Plaintiff was responsible for performing maintenance and repairs in throughout the machinery and engineering spaces and worked with pumps and valves and associated asbestos containing asbestos gaskets and packing. Plaintiff worked with and around others using asbestos-containing products including gasket, packing, pipe covering and other thermal insulation products. Plaintiff was around during regular maintenance on various pieces of equipment. |

7. Upon information and belief, and at all times herein mentioned, **ASBESTOS DEFENDANTS** and each of them were engaged in the business of designing, manufacturing, assembling, packaging modifying, selling, supplying, distributing, marketing, advertising, warranting,

handling, disturbing, servicing, repairing, installing, removing and/or contracting to service, repair, install and/or remove, a certain substance, the generic name of which is asbestos, and/or other products containing said substance; or are engaged in the business of designing, manufacturing, selling, supplying distributing, and marketing safety equipment, including respiratory protective devices which were intended to block the entry of asbestos fibers into the bodies of workers who were exposed to asbestos and/or asbestos-containing products and materials in the workplace and other locations.

8. Upon information and belief, and at all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them negligently and carelessly researched, designed, tested and/or failed to test, manufactured and/or caused to be manufactured, sold, supplied, distributed, marketed, marketed, advertised, warranted, warned and/or failed to warn, handled, disturbed, serviced, repaired, installed, removed, and/or contracted to handle, disturb, service, repair, install, and/or remove, inspected and/or failed to inspect certain substance, the generic name of which is asbestos, and/or other products containing said substance; and substance, and the other products containing said substance were capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers, bystanders and others, including but not limited to Plaintiff herein, while being used in a manner reasonably foreseeable to **ASBESTOS DEFENDANTS,** thereby rendering said substance and said products unsafe and dangerous to the users, consumers, workers, bystanders and others exposed thereto.

9. Upon information and belief, and at all times herein mentioned, the **ASBESTOS DEFENDANTS** and each of them, designed, manufactured, sold, supplied, distributed, marketed, advertised and/or warranted finished products which incorporated asbestos and asbestos parts and materials therein by design, and which were designed to be used with asbestos and other products and materials containing asbestos; and each of the aforementioned finished products was designed and manufactured in such a manner that the ordinary use, operation, repair, maintenance, installation and/or removal of said finished products resulted in the release of respirable asbestos fiber such that persons, including Plaintiff, that worked with and/or around such products, as well as persons who came into contact with such persons, were exposed to and inhaled asbestos fiber.

10. Moreover, each **ASBESTOS DEFENDANT** designed, manufactured, sold, supplied, distributed, marketed, advertised and labeled finished products, which were defective, in that their ordinary foreseeable use, operation, installation, repair and/or removal caused the degradation of integrated asbestos-containing materials parts and components which were incorporated therein by design, both as original equipment and replacement parts. As a result of such degradation, the asbestos materials contained in said finished products became friable and released airborne, respirable asbestos that users, consumers, workers, bystanders, and others including said exposure substantially contributed to, and caused Plaintiff's injuries alleged herein, including Plaintiff's development of malignant mesothelioma.

11. Plaintiff herein, is a consumer and bystander who used, handled, serviced, repaired, disturbed, installed and/or removed, and/or was around others who used, handled, serviced, repaired, disturbed, installed and/or removed the asbestos and/or asbestos-containing products, as well as the finished products whose defective design and manufacture caused the release of asbestos referred to herein, and Plaintiff was exposed to asbestos in a manner that was reasonably foreseeable to **ASBESTOS DEFENDANTS** and each of them.

12. Upon information and belief, and at all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, failed to adequately warn purchasers, consumers, end users, including Plaintiff herein, and others who would foreseeably come into contact with or otherwise be exposed to asbestos from their asbestos and defective asbestos-containing and/or asbestos-releasing products about the severe hazards posed by exposure to each of the **ASBESTOS DEFENDANTS'** asbestos and asbestos-containing and asbestos-releasing products, including but not limited to lung damage and increased risk of lung cancer and malignant mesothelioma.

13. Each of the **ASBESTOS DEFENDANTS** failed to provide adequate warnings to purchasers, consumers, end users and bystanders of their products concerning the severe health hazards that exposure to, and inhalation of, asbestos released by and from their products and as a result of their conduct, posed to purchasers, consumers end users and bystanders of said products and conduct, including Plaintiff herein, including the risk of severe lung damage, increased risk of asbestosis, lung cancer and malignant mesothelioma. At all times herein mentioned **ASBESTOS**

**DEFENDANTS**, and each of them, had constructive and actual knowledge of the aforementioned hazards and risks to human health posed by their products and conduct.

14. As a direct and proximate result of the conduct of the **ASBESTOS DEFENDANTS**, and each of them, as aforesaid, Plaintiff has suffered severe and permanent malignant injuries, including, but not limited to, mesothelioma and other bodily damages, all to Plaintiff's general damages in a sum invoking the unlimited jurisdiction of the Court.

15. Upon information and belief, at the time of his exposure to asbestos, Plaintiff was not aware that exposure to asbestos presented any risk of injury and/or disease to him and had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working with or around asbestos and/or products which contained and/or incorporated asbestos.

16. Upon information and belief, and at all times herein mentioned, the **ASBESTOS DEFENDANTS**, and each of them, failed to adequately warn purchasers, consumers, end users, including Plaintiff herein, and others who would foreseeably come into contact with or otherwise be exposed to asbestos from their asbestos and defective asbestos-containing and/or asbestos-releasing products about the severe hazards posed by exposure to each of the **ASBESTOS DEFENDANTS'** asbestos and asbestos-containing and asbestos-releasing products, including but not limited to lung damage and increased risk of lung cancer and malignant mesothelioma.

17. As a direct and proximate result of the aforesaid conduct of the **ASBESTOS DEFENDANTS** and each of them, Plaintiff has incurred, is presently incurring and will incur in the future liability for physicians, surgeons, nurses, hospital care, medicine, hospitals, x-rays and other medical care and treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this Complaint accordingly when the true and exact cost thereof is ascertained.

18. Plaintiff MARK HATHAWAY has lost pre-judgment interest pursuant to *Civil Code* Section 3291, the exact amount of which Plaintiff prays leave to insert herein when finally ascertained.

19. In researching, testing, designing, manufacturing, labeling, selling, distributing, advertising marketing, servicing, repairing, disturbing installing and/or removing said products,

**ASBESTOS DEFENDANTS** and each of them, did so with conscious disregard for the safety of the users, consumers of said product, as well as bystanders and others who would foreseeably come into contact with said products and/or the asbestos released therefrom. **ASBESTOS DEFENDANTS** had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos products, including but not limited to increased risk of developing severer and terminal diseases such as mesothelioma. Said knowledge was obtained, in part, from scientific studies, government data, industrial literature and medical data to which **ASBESTOS DEFENDANTS** had access, as well as scientific studies performed by, at the request of, or with the assistance of, said **ASBESTOS DEFENDANTS**, and which knowledge was obtained by said **ASBESTOS DEFENDANTS** on or before 1933, and thereafter.

20. On or before 1933, and thereafter, said **ASBESTOS DEFENDANTS** were aware that users of asbestos and asbestos products, as well as members of the general public who would be exposed to asbestos and asbestos products, had no knowledge or information indicating that asbestos could cause injury, and said **ASBESTOS DEFENDANTS** knew that the users of asbestos and asbestos products, as well as members of the general public who were exposed to asbestos and asbestos products, would assume, and in fact did assume, that exposure to asbestos and asbestos products was safe, when in fact said exposure was extremely hazardous to human life.

21. With said knowledge, said **ASBESTOS DEFENDANTS** opted to design, manufacture sell, distribute, advertise, warrant, handle, service, repair, disturb, install and/or remove said asbestos and asbestos-containing products without attempting to protect users, consumers, bystanders and others who would foreseeably be exposed to asbestos from such products and activities of the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products. Rather than attempting to warn and/or protect users, workers, bystanders and others from the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, **ASBESTOS DEFENDANTS** intentionally failed to reveal their knowledge of said risks, and fraudulently, knowingly, consciously and actively concealed and suppressed said knowledge from users, workers, consumers, bystanders and other members of the general public including Plaintiff herein.

22. The above referenced conduct of said **ASBESTOS DEFENDANTS** was motivated by the financial interest of said **ASBESTOS DEFENDANTS** in the continuing, uninterrupted distribution and marketing of asbestos and asbestos-containing products, as well as the continuing uninterrupted business of handling, repairing, servicing, disturbing, installing and/or removing of asbestos and/or asbestos-containing products. In pursuance of said financial motivation, said **ASBESTOS DEFENDANTS** consciously disregarded the safety of those who work with and around said asbestos and asbestos-containing products, as well as all of those who would foreseeably be exposed to asbestos as a result of **ASBESTOS DEFENDANTS'** conduct. **ASBESTOS DEFENDANTS** were consciously willing to permit asbestos and asbestos products to cause injury to users and consumers thereof, as well as workers, bystanders and all others who would foreseeably be exposed to asbestos released from such asbestos and/or asbestos-containing products, including but not limited to Plaintiff herein.

23. As the above referenced conduct of said **ASBESTOS DEFENDANTS** was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and in conscious disregard and indifference to the safety and health of workers exposed to asbestos and asbestos products, including Plaintiff. Plaintiff, for the sake of example, and by way of punishing said **ASBESTOS DEFENDANTS**, seeks punitive damages according to proof.

24. Plaintiff hereby disclaims and waives any cause of action or recovery for any injuries, as against any **ASBESTOS DEFENDANTS** named herein, to the extent that said injury was caused by exposure to asbestos, asbestos-containing products and/or asbestos-releasing products in a federal enclave.

25. Plaintiff also disclaims and waives any cause of action for recovery for any injuries resulting from exposure to asbestos caused by any acts or omissions of any of the **ASBESTOS DEFENDANTS** named herein committed at the direction of an officer of the United States Government.

26. Plaintiff further disclaims and waives any cause of action for recovery for any injuries resulting from exposure to asbestos caused by the acts and omissions of any **ASBESTOS DEFENDANTS** to the extent that said **ASBESTOS DEFENDANTS** was a military or government

contractor and to the extent that the product from which the asbestos was released was military equipment under the *Boyle v. United Technologies Corp.*, (1988) 487 U.S. 500 line of cases.

27. WHEREFORE, Plaintiff MARK HATHAWAY prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

**<u>SECOND CAUSE OF ACTION</u>**

**Strict Liability**

*AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR STRICT LIABILITY, PLAINTIFF MARK HATHAWAY COMPLAINS OF THE* ***ASBESTOS DEFENDANTS*** *AND EACH OF THEM, AND ALLEGES AS FOLLOWS:*

28. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this Complaint.

29. Upon information and belief, **ASBESTOS DEFENDANTS** and each of them, researched, designed manufactured, tested or failed to test, inspected or failed to inspect, labeled, sold, distributed, advertised, marketed, warranted, a certain substance, the generic name of which is asbestos and other products containing said substance, which substance and products containing said substance are defective, in that the same was capable of causing and did, in fact, cause personal injuries, including mesothelioma and other bodily damage, to users, consumers, bystanders and others who were foreseeably exposed to asbestos from said asbestos and products containing asbestos, including Plaintiff herein, while said asbestos and products containing asbestos were used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use by consumers, users, bystanders and workers exposed thereto; said **ASBESTOS DEFENDANTS**, and each of them, further failed to adequately warn of the risks to which Plaintiff and others similarly situated were exposed.

30. As a direct and proximate result of the conduct, acts and omissions of each of the **ASBESTOS DEFENDANTS** as set forth above, Plaintiff has suffered the injuries and damages as previously set forth herein including those alleged in the First and Second Causes of Action, inclusive.

31. WHEREFORE, Plaintiff MARK HATHAWAY prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as hereafter set forth.

**THIRD CAUSE OF ACTION**

**Loss of Consortium**

*AS AND FOR A FURTHER, THIRD SEPARATE AND DISTINCT CAUSE OF ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF LINDA HATHAWAY COMPLAINS OF* ***ASBESTOS DEFENDANTS****, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:*

32. Plaintiff incorporates herein by reference and makes a part hereof as though fully set forth herein, in the First and Second Causes of Action of this Complaint.

33. Plaintiff LINDA HATHAWAY is now, and at times herein mentioned, the lawfully wedded spouse of MARK HATHAWAY.

34. As a direct and proximate result of the acts of **ASBESTOS DEFENDANTS**, and each of them, as set forth and incorporated herein by reference, and the severe injuries caused thereby to MARK HATHAWAY as alleged in his Complaint, plaintiff LINDA HATHAWAY has suffered, and for a long period of time will continue to suffer loss of consortium, including but not by way of limitation, loss of services, marital relations, society, comfort, companionship, love and affection of her said spouse, and has suffered severe mental and emotional distress and general nervousness as a result thereof.

35. Plaintiff LINDA HATHAWAY as a result of the foregoing described injuries to her Spouse, MARK HATHAWAY, has been generally damaged in a sum in excess of the jurisdictional limits of the Municipal Court.

**PRAYER**

WHEREFORE, Plaintiff MARK HATHAWAY prays judgment against **ASBESTOS DEFENDANTS**, and each of them, as follows:

1. For Plaintiffs' general damages according to proof;
2. For Plaintiff's medical and related expenses according to proof;
3. For Plaintiff's prejudgment interest according to proof, pursuant to *Civil Code* section 3291;
4. For Plaintiffs' costs of suit herein;

5. As to those **ASBESTOS DEFENDANTS** named in the First Cause of Action, for exemplary or punitive damages according to proof; and,

6. For such other and further relief as this Court deems just and proper.

Date: July 29, 2025

**PEARCE LEWIS LLP**

STUART B. LEWIS, ESQ.
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury as to all issues so triable.

DATED: July 29, 2025

**PEARCE LEWIS LLP**

STUART B. LEWIS, ESQ.
Attorneys for Plaintiffs

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Timothy F. Pearce, Esq. (SBN 215223); Stuart B. Lewis, Esq. (SBN 321824);
Hannah B. Oxley, Esq. (SBN 282007)
PEARCE LEWIS LLP, 423 Washington Street, Suite 510, San Francisco, CA 94111
TELEPHONE NO.: 415-964-5225 FAX NO.: 415-830-9879
EMAIL ADDRESS: stuart@pearcelewis.com; docintake@pearcelewis.com
ATTORNEY FOR *(Name)*: Plaintiffs, MARK HATHAWAY and LINDA HATHAWAY

FOR COURT USE ONLY

**Electronically FILED by Superior Court of California, County of Los Angeles 7/29/2025 3:43 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Gnade, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

CASE NAME:
Mark Hathaway, et al. v. 3M Company, et al.

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 25STCV22460
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[X] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Three (3), 1. Negligence; 2. Strict Liability; 3. Loss of Consortium
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 29, 2025
Stuart B. Lewis, Esq.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Mark Hathaway, et al. v. 3M Company, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is re uired pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☑ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, (11) |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| SHORT TITLE: Mark Hathaway, et al. v. 3M Company, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/ Property Damage/ Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case<br>☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Mark Hathaway, et al. v. 3M Company, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

| SHORT TITLE: Mark Hathaway, et al. v. 3M Company, et al. | CASE NUMBER |
|---|---|

**Step 4** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON<br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | | | ADDRESS:<br>N/A - Mandatory Filing in Central District |
|---|---|---|---|
| CITY: | STATE: | ZIP CODE: | |

**Step** **Certification of Assignment** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: July 29, 2025

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).
5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

*Superior Court of California, County of Los Angeles*

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.
- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.
- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.
- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

TIMOTHY F. PEARCE, ESQ. (SBN 215223)
STUART B. LEWIS, ESQ. (SBN 321824)
HANNAH B. OXLEY, ESQ. (SBN 282007)
**PEARCE LEWIS LLP**
423 Washington St., Suite 510
San Francisco, CA 94111
Tel: (415) 964-5225
Fax:(415) 830-9879
tim@pearcelewis.com
stuart@pearcelewis.com
hannah@pearcelewis.com
docintake@pearcelewis.com

Attorneys for Plaintiffs
MARK HATHAWAY and LINDA HATHAWAY

**Electronically FILED by Superior Court of California, County of Los Angeles 7/29/2025 3:43 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Gnade, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
(UNLIMITED JURISDICTION)

| | |
|---|---|
| MARK HATHAWAY and LINDA HATHAWAY,<br><br>Plaintiffs,<br>vs.<br><br>3M COMPANY; AIR & LIQUID SYSTEMS CORPORATION, as Successor-by-Merger to Buffalo Pumps, Inc.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; CARRIER CORPORATION; FMC CORPORATION, as Successor-in-Interest to Peerless Pump Co.; GENERAL ELECTRIC COMPANY; GOULDS PUMPS LLC; GREENE, TWEED & CO., INC.; HONEYWELL INTERNATIONAL INC., f/k/a AlliedSignal Inc., as Successor-in-Interest to The Bendix Corporation; IMO INDUSTRIES, INC.; ITT LLC; PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation; PFIZER, INC.; REDCO CORPORATION f/k/a Crane Co.; UNION CARBIDE CORPORATION; VALVES AND CONTROLS US, INC., f/k/a Weir Valves & Controls USA, Inc., f/k/a Atwood & Morrill Co., Inc.; VELAN VALVE CORP.; WARREN PUMPS LLC; YORK INTERNATIONAL CORPORATION; and the FIRST DOE through THREE HUNDREDTH DOE, inclusive,<br><br>Defendants. | Case No.: 25STCV22460<br><br>**PRELIMINARY FACT SHEET**<br><br>**(Personal Injury)** |

## I. BACKGROUND INFORMATION

Name: Mark Hathaway

Address: 3602 County Farm Road City: Saint Johns State: MI

Date of Birth: February 25, 1956

Based on the current facts, do plaintiff(s) intend on filing a motion for preference?

☐ Yes ☐ No ☒ Do Not Know

Have you received, or have you applied for, Medicare benefits or Social Security Disability benefits?

☒ Yes ☐ No

Have you ever resided in California? ☐ Yes ☒ No.

Exposure

Date of First Claimed Asbestos Exposure: 1974

Date of Last Claimed Asbestos Exposure: 1978

For each asbestos-containing product to which you claim you were exposed, please provide the following information (fill in the chart): Plaintiffs' investigation and discovery are continuing.

| **Defendant** | **Product at Issue** | **Date(s) of Exposure** | **Employer** | **Location of Exposure** | **Type of Exposure (Direct, Occupational, Para-Occupational or Non-Occupational)** |
|---|---|---|---|---|---|
| 3M COMPANY; AIR & LIQUID SYSTEMS CORPORATION, as Successor-by-Merger to Buffalo Pumps, Inc.; ARMSTRONG INTERNATIONAL, INC.; AURORA PUMP COMPANY; CARRIER CORPORATION; FMC CORPORATION, as Successor-in-Interest | Pumps, valves, steam traps, condensers, compressors, gasket, packing, pipe covering, and associated thermal insulation products. | 1974-1978 | US Navy | San Diego, California | Direct |

| | | | | | |
|---|---|---|---|---|---|
| to Peerless Pump Co.; GENERAL ELECTRIC COMPANY; GOULDS PUMPS LLC; GREENE, TWEED & CO., INC.; HONEYWELL INTERNATIONAL INC., f/k/a AlliedSignal Inc., Successor-in-Interest to The Bendix Corporation; IMO INDUSTRIES, INC.; ITT LLC; PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation f/k/a Westinghouse Electric Corporation; PFIZER, INC.; REDCO CORPORATION f/k/a Crane Co.; UNION CARBIDE CORPORATION; VALVES AND CONTROLS US, INC., f/k/a Weir Valves & Controls USA, Inc., f/k/a Atwood & Morrill Co., Inc.; VELAN VALVE CORP.; WARREN PUMPS LLC; YORK INTERNATIONAL CORPORATION; | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| and the FIRST DOE through THREE HUNDREDTH DOE, inclusive. | | | | | |

Have you ever served in the military? ☒ Yes ☐ No

If yes:

(a) Identify the branch of service: US Navy

(b) Identify the dates of service: September 1974-September 1978

(c) Identify the rank and title: Machinist Mate

## II. MEDICAL HISTORY

1. Which of the following diseases have you been diagnosed with? Check all that apply:

☐ Mesothelioma (pleural) ☐ Mesothelioma (peritoneal)

☒ Lung Cancer

☐ Asbestosis ☐ Pleural Disease ☐ Other Specify:

2. Date of diagnosis and name of diagnosing doctor (per disease, if more than one):

Plaintiff was diagnosed with Lung Cancer in January of 2025. Does any pathology material exist for the individual claiming an asbestos-related injury?

☐ Yes ☐ No ☒ Unknown

If YES, please identify what material exists and where it is presently located:

3. Have you ever smoked? ☒ Yes ☐ No

If YES, state years and quantity smoked: Plaintiff smoked approximately one pack per day from 1977 until 2017. Plaintiffs' investigation and discovery are continuing and ongoing.

Date: July 29, 2025

PEARCE LEWIS LLP

[signature]

STUART B. LEWIS, ESQ.
Attorneys for Plaintiffs